IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | |
|---|---|
| PAUL ROBERT DICKSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | Criminal No. 2:04-cr-106 |
| vs. ) | Civil No. 2:06-cv-107 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**Memorandum Opinion and Order**

Defendant Paul Robert Dickson ("Dickson") has moved the Court for habeas corpus relief under 28 U.S.C. § 2255 (doc. #49).[1] He raises two ineffective assistance of counsel arguments, both related to the testimony of an undercover law enforcement officer regarding the officer's conduct while posing as a teenage female in an online chat room. Because both arguments are without merit, Dickson's motion is **DENIED**.

**I.   Background**

In July 2004, Dickson was indicted for Luring a Minor Via the Internet in violation of 18 U.S.C. § 2422(b) (doc. #9). In September 2004, Dickson's case was tried to a jury. The evidence at trial showed Dickson used an internet chat room to communicate with an undercover officer, who was using the screen name "asl_15fnodak" (a chat acronym for "age, sex, and location = 15-year-old female from North Dakota"). The undercover officer identified himself as a fifteen-year-old female from Grand Forks

---

[1] All citations to the record are to the criminal docket, case no. 2:04-cr-106.

1

named "Katie." During the conversation, Dickson asked for a meeting and told "Katie" he wanted to have sexual intercourse with her. The two planned to meet in the parking lot of a Grand Forks hotel and then drive to Dickson's apartment.

Law enforcement officers initiated a traffic stop of Dickson's vehicle and took Dickson to the police department for questioning. During questioning, Dickson admitted he had chatted online with "Katie," whom he believed to be fifteen. He admitted he arranged a meeting, intending to have sexual intercourse with her.

During the trial, the undercover officer testified that after entering the chat room, he would not communicate with anyone in the chat room until another chat room participant initiated conversation with him (Transcript of Jury Trial, doc. #40, pp. 20, 23). Dickson disputed this, claiming the officer had initiated conversation with other chat room participants. Dickson presented this evidence to support an entrapment defense. The Court, however, refused to give Dickson's proposed entrapment jury instruction.

The jury found Dickson guilty, and he was sentenced to five-years imprisonment (doc. #28). Dickson appealed (doc. #29). The Eighth Circuit Court of Appeals affirmed the conviction, holding that the evidence was sufficient to support the conviction and that the District Court did not err by refusing to give Dickson's entrapment jury instruction (doc. #43).

Dickson now moves for habeas corpus relief under 28 U.S.C. § 2255.  He argues his trial counsel was ineffective.  First, he claims counsel failed to bring evidence contradicting the undercover officer's testimony that the officer did not communicate with chat room participants until other chat room participants initiated conversation with him.  Second, he contends counsel failed to inquire into or attain "Real Time" evidence of the chat room conversations.  Dickson argues this evidence would have contradicted the undercover officer's testimony.

**II.  Discussion**

"A defendant faces a heavy burden to establish ineffective assistance of counsel pursuant to section 2255."  United States v. DeRoo, 223 F.3d 919, 925 (8th Cir. 2000).  The petitioner must show, first, that his attorney's representation was objectively deficient and, second, the attorney's deficient performance prejudiced his case.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  The reasonableness of counsel's conduct is judged at the time of the challenged conduct.  Id. at 690.  "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable . . . ."  Id.

Dickson's distinction between whether the undercover officer initiated conversation with chat room participants or whether he waited to be approached by other chat room participants is irrelevant to the ultimate elements of the offense.  As the

3

Eighth Circuit held, ample evidence was presented for a jury to find Dickson guilty.  Even if Dickson's suggested evidence would contradict the undercover officer's testimony on a minor point, the evidence still showed that Dickson committed the offense.  Dickson's evidence would have been relevant for only an entrapment defense, which Dickson's counsel did present.  This Court cannot second guess trial counsel's strategic decision regarding the method attempted to prove entrapment.  Furthermore, the entrapment defense was inapplicable to Dickson because the evidence showed Dickson was predisposed to commit the offense.  Therefore, trial counsel's assistance was not deficient, and even if it was, Dickson cannot establish prejudice because entrapment did not apply to him.  Dickson's two ineffective assistance of counsel arguments are without merit.

### III. Conclusion

Dickson's motion under 28 U.S.C. § 2255 is **DENIED**.  In addition, the Court will not certify that an appeal from the denial of this motion may be taken in forma pauperis because such an appeal would be frivolous and cannot be taken in good faith.  Coppedge v. United States, 369 U.S. 438, 444-45 (1962).  Upon the entire record before the Court, dismissal of the motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings.  Barefoot v.

<u>Estelle</u>, 463 U.S. 880, 893 n.4 (1983).  Therefore, this Court will not issue a certificate of appealability.[2]

**IT IS SO ORDERED.**

Dated this 9th day of August, 2007.

*/s/ Rodney S. Webb*
RODNEY S. WEBB, District Judge
United States District Court

---

[2] The Eighth Circuit Court of Appeals has opined that district courts possess the authority to issue Certificates of Appealability under Section 2253(c). <u>Tiedeman v. Benson</u>, 122 F.3d 518, 522 (8th Cir. 1997).

5